HARRIS, J.,
delivered the opinion of the Court.
The plaintiffs made their motion in the Circuit Court of Davidson county, for a peremptory mandamus, directed to the defendant, and commanding him to pay over to the treasurer of said city, the amount of taxes collected in the city ,of Nashville. And they submitted the following agreed case: ££ It is admitted by the defendant, that the treasurer of the .city of Nashville has demanded of him, the amouPt of the tax collected within the city of Nashville, for the year 1857, and that the defendant refuses to pay the same, or any part thereof. It was also admitted that the city of Nashville is ready to pay its proportion of the expenses of the County, Circuit, and Criminal Courts, as required by the 4th section of the act of 1856, ch. 243; which amount has not been ascertained. It was further agreed, that the plaintiffs are seeking to recover the fund in controversy, to be held by the treasurer of the city of Nash- *191 yille, as other funds of the corporation; subject to the condition provided by said act. In support of their motion, the plaintiffs rely upon the provisions of the 8d and 4th sections of the act above referred to, which are as follows: sec. 3d. “ Be it- enacted that the portion of the county revenue of Davidson county, collected by the clerk of the County Court, from privileges exercised in the limits of( the city, be paid over to the treasurer of the city of Nashville, instead of the county trustee ; and that the clerk of the County Court, and his sureties on his bond, be liable to a motion in the name of the Mayor and Aldermen of the city of Nashville therefor, on failure to pay over and account for the same. Sec. 4th, “ Be it enacted, that the county tax here-after collected within the city of Nashville, shall be paid over directly by the collector of the county revenue, to the treasurer of said city; Provided, that the corporation of Nashville shall pay its proportion of the expenses of the County, Circuit and Criminal Courts so far as they are a charge upon the county.”
This application is resisted by the defendant upon the ground, that this statute is in- violation of the 29th section of the 2d article of the constitution, which is as follows:
“ The General Assembly shall have power to author ■ ize the several counties and incorporated toivns, in this State to impose taxes, for county and corporation purposes respectively, in such manner as shall be prescribed by law.”
Under this provision the Legislature, by the 14th sec. of the act of 1855, ch. 6., (0. & N. 200.) enacted, that *192 the County Courts, established by this act, are hereby authorized, at the second term in every year, to levy and cause to be collected, a tax for county purposes, as contemplated by the 29th section of the second article of the constitution.” And here is a power expressly delegated to the County Court, to levy and cause to be collected a tax for county purposes, and in the exercise of that power, the fund which is the subject matter of this controversy, was levied and collected, and the legal title to it was vested in the county trustee, for county purposes. Now, has the Legislature the power to divert the fund from the purposes for which it was levied and collected, and transfer it to another - separate and distinct corporation, to be by it appropriated and used at its discretion?
We think not. This would be an unauthorized interference with vested rights. If the sheriff of David son county had an execution in his hands in favor of Towns as trustee, and the Legislature were to pass an act directing him to pay over the money, when collected, not to Towns, but to the treasurer of the city of Nashville, it will not be pretended that this would be any authority to the sheriff to make such payment, and yet it is not easy to perceive upon principle, why the authority would not be as valid in that case as in the one before us.
The County .Court levies the taxes with the view of providing for the current expenses of the county, and if the Legislature has the power to divert the fund thus levied, to other and different purposes, it has the power to bankrupt the county at pleasure.
Perhaps in the present case, it is not necessary to *193 determine whether the Legislature has the power, under this provision of the constitution, to authorize the County Court to levy and collect “ a tax for corporation purposes,” as they have not exercised such power, but have only attempted to divert a portion of the taxes, in one county in the State, from the purposes for which they were levied and collected, to a wholly different purpose. This they cannot do. There is no error in the judgment, and it will be affirmed.